JUDGE TUCKER.
Wingfield had obtained an order for erecting a mill; to which Crenshaw, upon a petition preferred to the Richmond District Court, obtained a writ of supersedeas; and the same was reversed by the District Court. Crenshaw’s name does not appear in any part of the record of' the proceedings of the County Court: and the sole question now before this Court is, whether the writ of supersedeas, was. rightly awarded by the District Court.
The District Court law(c) expressly allows an appeal from the judgment or sentence of a County Court, in all contests, concerning mills;. — the SSth section of the act also allows a writ of error or super-sedeas, to a judgment of the County Court, where the same is of the value of ten pounds, or one thousand pounds of tobacco;. the party praying and obtaining the same, entering into bond with security, as the law directs.
By the common law a writ of error is grantable in all cases, ex debito justitiae, except in treason and felony; so resolved by ten Judges in Paty’s case, (d) Our law *654 limits the writ to such personal ao-tions, as are of the value *of ten pounds, leaving the right as at common law, in real and mixed actions. A supersedeas in England is more by an auxiliary process, and so it is in some instances in this country, as was said by the late President of this Court in the case of White v. Jones, (a) But, in practice it seems to be a substitute for the writ of error of which there are few or no instances in Virginia, (b) None but parties or privies to the record can maintain a writ of error, in general, though a reversioner, or remainder-man may in some cases.'(c) The same rule seems applicable to the writ of supersedeas from the general analogy between them.
Appeals in civil cases are altogether unknown at common law. There is therefore not the same analogy between an appeal and a supersedeas, that there is between a writ of error and a supersedeas. The object of the appeal is indeed the correction of error, as well as it is the object of the writ of error; but the one being a mode of proceeding at common law, and the other by the civil law, or by statute, there exists not such a relation between them, as that the one may be regulated according to the mode to be observed in prosecuting the other. One of the most prominent differences between an appeal and a writ of error is, that the former must be prayed and allowed in the court, whose sentence or decree is sought to be corrected; unless where by some special provision in a statute, further time is allowed the party. The latter being a writ of right, and grantable ex debito justitise, may by the common law, be sued out without leave of the Court, unless barred by the statute of limitation. This distinction will be found to run through the cases which arise under our statutes allowing an appeal or writ of error. If in a common law case, the party prays an appeal in Court, but not being able to give security within the time required by law, he loses the benefit of his appeal; still he may have recourse to his writ of error or supersedeas: because the former is the common law remedy in all cases where it is not expressly taken away by statute; and the latter is in ordinary cases a substitute for it in this country, under the laws of the Commonwealth, *and the practice of Courts. But if, in a case not at common law, an appeal be allowed by the terms of a statute, and the appeal be prayed and refused, it would seem to me that the proper course would be to apply for a mandamus to the Court to allow the appeal; because, in such a case, no writ of error lies; or, if the appeal be not prayed at the time, that the party grieved may, upon application to a Superior Court of general jurisdiction at common law, (or to the Court of Chancery,) according to the nature of the case, obtain a writ of certiorari, according to the distinction taken by Lord Ch. J. Holt, in 1 Salk. 144, and 263, (d) that wherever a new jurisdiction is created by act of Parlia-meni, and the Court or Judge that exercises this jurisdiction, acts as a Court of Record, according to the course of the common law, a writ of error lies on their judgments: but where they act in a summary method, or in a new course different from the common law, a writ of error does not lie, but a certiorari, (e) In addition to this authority, which appears to me to be expressly in point, I shall beg leave to refer to 1 Lord Raym. 580, 1 Burr. 377, 2 Burr. 1040, 3 Burr. 1458, 4 Burr. 2244, 1 Black. Rep. 231, Cowper, 458, 7 Term Rep. 373, and 2 Saund. 101, a., as also, to what I have had occasion to say in this Court on a former occasion, in the case of Coopers v. Saunders, 1 Hen. & Munf. 420. Long’s case, (f) cited by Lord Ch. J. Holt, 12 Mod. 390, (g) deserves notice. He was found guilty of felony, in the Court of the City of Norwich, and burnt in the hand; and held a writ of error would not lie, because no judgment of attainder, but that it might be removed by certiorari; and so it was: and, for faults in the conviction, quashed, and the party restored to his goods and chattels. In the present case I do not mean to give any opinion whether the party obtaining the writ of supersedeas, would have obtained a certiorari, inasmuch as his name is not in the record; nor do I mean to point out any other remedy (though I think he certainly was not without a proper one) adapted to the nature of his case.
*But it is proper to consider this subject in relation to several cases which have occurred in this Court.
In the case of Lee v. Turberville, (h) an appeal from the sentence of the County Court was prayed but refused. The District Court granted a supersedeas, and the objection to that mode of removing the cause was taken in this Court: it does not appear that any opinion was given by the Court upon that point; they reversed the judgment of the District Court, which they ought to have done, if the supersedeas was not properly awarded, according to the decision of this Court in Coopers v..Saunders ; but, instead of dismissing the writ of su-persedeas, as was done in the last mentioned case, as to the appeal, they affirmed the judgment of the County Court upon the evidence. This certainly appears very like an approbation of the conduct of the District Court in awarding the writ of super-sedeas; though it erred upon the merits.
In the case of Mayo v. Clarke, (i) Mayo had petitioned the District Court of Richmond, for a writ of supersedeas to an order of Powhatan County Court for altering a road, which the District Court refused. Mr. Randolph moved for a mandamus to the District Court to compel them to grant the supersedeas. The Court informed him that a mandamus was not a proper remedy. I think it might have been added that this Court has no power to grant a writ of mandamus, that power being expressly reserved to the General Court. Rev. Code, 1 vol. c. 65, s. 4. Mr. Randolph then moved for a *655 supersedeas, which was granted, and the judgment of the District Court reversed, November 18, 1803.
Another case, Noel v. Sale, (a) was where an appeal had been prayed and allowed from the sentence of the County Court of Essex, to the District Court, where the same was affirmed. To that judgment Noel obtained a writ of supersedeas from this Court, and the judgment was affirmed here. All these cases are in principle expressly contrary to the conclusions which would seem inevitably to follow, from the distinction taken by Eord Ch. J. Holt, in the cases before cited, and uniformly acted upon in England, from ^whence our rules of jurisprudence in cases not provided for by statute are uniformly supposed to be borrowed. B'or in the first case, the writ of supersedeas was g'ranted to the judgment of a new Court not proceeding in that instance, according to the rules of the common law; and in the two last the same writs were awarded from this Court to the District Court. But this Court can only grant writs of error and super-sedeas upon the same principles as the District Courts can grant them to the Counts* Courts. Consequently, if the District Court could not award a supersedeas in a mill-case to the County Courts, neither could this Court to the District Court. After the case of Eee v. Turberville had been solemnly argued upon that very point, it seems difficult to suppose the Court did not recollect it, when the case of Noel v. Sale occurred, not four years after, and without any change of the Judges.
But a more apposite case to the present, may, I think, be found in 1 Hen. & Munf. Rep. 404. (b) In that case Mr. Grymes had obtained a writ of supersedeas from the District Court of K. and Q. to an order of Middlesex Court, granting administration of the estate of P. E. Grymes, Esq. with the will annexed, to Mr. Sayre. Mr. Grymes’s name did not appear, in any part of the record’. So that it did not appear to this Court, that he was either a party, privy, or in any wise interested in the grant of administration : and for that reason, this Court was of opinion that the writ of su-persedeas should be quashed as improvidently granted. The two cases are perfectly alike upon this point. And therefore, without giving any opinion upon the general question, I am of opinion that the writ of supersedeas ought to be quashed as improvidently granted.
JUDGE ROANE.
Two questions occur in the case before us: 1st. Whether the ap-pellee is a party competent to obtain a su-persedeas in this case; and 2dly. Whether a supersedeas is a proper remedy, there being no error apparent on the record; whatever error may exist being dehors thereto, and arising out of the testimony upon which the judgment was ^'founded. As to the first question, it is provided that the “party” praying a supersedeas, shall petition the District Court, &c. (c) This term party is far more specific than the word person used in the preceding section. The words of that section are, “where any person or persons, &c. shall think themselves aggrieved, &c. or where the contest shall be concerning mills, roads, &c. such person may enter an appeal from the judgment or sentence,” &c. Now this word person has been always construed to mean a person party to the contest or the judgment; and that construction is rendered more proper as to the case in question by the use of the word party: but the word “contest” puts it beyond controversy, that there can only be an appeal in the case of mills, &c. where there has been a contest; and that in favour of one of the parties to the controversy. On his ground the opinion of this Court went, in the case of Sayre v. Grymes, and in several other cases. In the case before us it was competent to any person interested in defeating the application for the mill, (and not those only who are returned by the inquisition as interested, ) to contest the motion in the Court below; which having done, he was thereby made competent to carry the case to a superior tribunal. I infer this because it is provided that if it appears by the inquest, or other evidence, that the mansion-house, &c. of any person will be taken from him, leave shall not be given; or if, all circumstances weighed, it be not deemed reasonable to give the leave, such leave shall be withheld; but this provision would be a dead letter, if those whose interests and situation enable them to know and exhibit the facts were not permitted to come forward and establish them.
The case before us (as made by the affidavits) exhibits a strong ground of objection to the mill in controversy; but, on this point, this case must stand or fall by the general principle; and, however competent it may be for a party obtaining leave to build a mill, to hold himself in readiness to defend his judgment against the attacks of those who are parties to the proceeding, it would be productive *of vast injury and inconvenience to hold him so liable in relation to, perhaps, hundreds of citizens, who may think themselves even slightly or collaterally interested. Such a construction would place the applicants for mills on a very uncertain footing; whereas a contrary construction would generally be productive of no inconvenience, as the proceedings in the case of mills are of public notoriety, and all persons interested have consequently an early opportunity to come forward and make known their objections; or, if this be not done, their action for damages for injuries is expressly reserved to them.
As to the 2d question, if the foregoing idea be correct, there is no absolute necessity for deciding it: but, as this subject has several times presented itself to the Court, it may be useful now to say something concerning it. I cannot find that this question has ever been decided by this Court. In the case of Eee v. Turberviile the point was (expressly) left undecided: and in Mayo v. Clarke,(d) the Court said there were sufficient grounds, upon the record, for the District Court to award the writ of *656 supersedeas. The case of Noel v. Sale (a) exhibits no decision upon the subject, as that case was carried to the District Court by way of appeal, (and not supersedeas,) and this Court, on a supersedeas, affirmed the judgment of the District Court affirming that of the County Court, because non constat but that it appeared to the District Court, by the evidence properly introduced on the appeal, that there was irregularity or misconduct sufficient to warrant the judgment quashing the inquisition.
Taking up this, then, as an undecided question, the construction of the act in respect to writs of supersedeas, seems to be properly restricted by the requisition contained in it relative to the certificates of counsel; i. e. to errors apparent “in the proceedings.” With respect to these, the counsel learned in the law are competent to pass their judgment: but the act could never have meant to assign to them the function of weighing testimony, and estimating Credibility. This construction is also very reasonable. Where an appeal is taken, in such cases, and tried immediately, (as is the practice in the appellate Courts,) no injury can accrue to parties from the death or removal of witnesses: but, asa supersedeas may be had at any time within five years, it is evident that, if this remedy be construed to extend to cases involving testimony, the lapse of several years since the rendition of the judgment would produce great injuries arising from the causes aforesaid. I say nothing on the point whether a writ of error would lie in such case: while, on one hand, it would be equally liable to this last objection; on the other, there is no expression in any statute restricting it to errors apparent in the proceedings only.
According to this construction, the parties have at least one mode by which the whole testimony may be re-examined by the Superior Court: but, in such case, the appeal must be taken at once, and speedily decided; thereby steering clear of injuries arising from the loss of evidence: and, on the other hand, when a mode of appealing' is to be resorted to, after the lapse of several years, and, perhaps, after deaths of the adverse witnesses, it is just that the only permissible ground of exception should permanently appear in the record.
On this ground, therefore, (without giving any opinion as to the competency of a writ of error in point of fact in the present case,) X conclude that a supersedeas is a proper mode of appealing in cases only where, on the face of the record, it appears that the proceedings are erroneous.
JUDGE FLEMING.
It appearing that the appellant, William Wingfield, and Charles Crenshaw were the only parties before the County Court of Hanover, in the proceedings stated in the record, brought up by virtue of a certiorari issued from the Clerk’s office of the District Court of Richmond, by order of the said Court, in which the name of Thomas Crenshaw is not mentioned; it appears to me that a supersedeas *could not lie in his name, to the order of Hanover Court, giving Wingfield leave to build a mill according to the prayer of his petition. If the appellee is aggrieved by the order he may seek redress by another remedy.
I am therefore of opinion that the super-sedeas ought to be quashed, and the judgment of the District Court reversed.

 Rev. Code, 1 vol. c. 63, s. 53.

 2 Salk. 504.

 1 wash. 118.

 2 wash. 163, Lee v. Turberville.

 2 Saund. 46, note 6.

 Greenwelt v. Burwell.

e) Comyns Rep. 80, S. P.

f) 3 Cro. or Cro. Bliz. 489.

 In the case of Doctor Greenville v. The College of Physicians.

 2 Wash. 162.

 2 Call, 27 6.

 1 Call, 495.

 Sayre v. G-rymes.

 Rev. Code, 1 vol. p. 82, s. 54.

 3 Call, 389.

 1 Call, 495.